# SUPREME COURT OF THE UNITED STATES

ALLSTATES REFRACTORY CONTRACTORS, LLC *v.*
JULIE A. SU, ACTING SECRETARY OF LABOR,
ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 23–819.　Decided July 2, 2024

The petition for a writ of certiorari is denied. JUSTICE GORSUCH would grant the petition for a writ of certiorari.

JUSTICE THOMAS, dissenting from the denial of certiorari.

Congress gave the Occupational Safety and Health Administration the power to enact and enforce any workplace-safety standard that it deems "reasonably necessary or appropriate." 29 U. S. C. §§652(8), 655(b). This petition asks us to consider whether that grant of authority is an unconstitutional delegation of legislative power. Because the standard this Court currently applies to determine whether Congress has impermissibly delegated legislative power "largely abdicates our duty to enforce that prohibition," I would grant the petition. *Department of Transportation* v. *Association of American Railroads*, 575 U. S. 43, 77 (2015) (THOMAS, J., concurring in judgment).

The Constitution vests "[a]ll legislative Powers herein granted . . . in a Congress of the United States." Art. I, §1. And, "[w]e have held that the Constitution categorically forbids Congress to delegate its legislative power to any other body," including to an administrative agency. *Association of American Railroads*, 575 U. S., at 77 (opinion of THOMAS, J.); see also *Whitman* v. *American Trucking Assns., Inc.*, 531 U. S. 457, 472 (2001). But, under our precedents, a delegation of authority is constitutional so long as the relevant statute sets out an "'intelligible principle'" to guide the agency's exercise of authority. *Id.*, at 472. The Court of

Appeals for the Sixth Circuit upheld the delegation of authority to the Occupational Safety and Health Administration under this "intelligible principle" test, over Judge Nalbandian's dissent. 79 F. 4th 755, 760 (2023).

I continue to adhere to my view that the intelligible principle test "does not adequately reinforce the Constitution's allocation of legislative power." *Association of American Railroads*, 575 U. S., at 77 (opinion of THOMAS, J.); see also *Gundy* v. *United States*, 588 U. S. 128, 164 (2019) (GORSUCH, J., dissenting) (explaining that our current intelligible principle test "has no basis in the original meaning of the Constitution, in history, or even in [our precedents]"). This case exemplifies the problem. Congress purported to empower an administrative agency to impose whatever workplace-safety standards it deems "appropriate." That power extends to virtually every business in the United States. See §654(a)(2); §652(5) (defining the regulated "employer[s]" as any "person engaged in a business affecting commerce who has employees"). The agency claims authority to regulate everything from a power lawnmower's design, 29 CFR §1910.243(e) (2023), to the level of "contact between trainers and whales at SeaWorld," *SeaWorld of Florida, LLC* v. *Perez*, 748 F. 3d 1202, 1220 (CADC 2014) (Kavanaugh, J., dissenting).

The Occupational Safety and Health Act may be the broadest delegation of power to an administrative agency found in the United States Code. See C. Sunstein, Is OSHA Unconstitutional? 94 Va. L. Rev. 1407, 1448 (2008) ("No other federal regulatory statute confers so much discretion on federal administrators, at least in any area with such broad scope"). If this far-reaching grant of authority does not impermissibly confer legislative power on an agency, it is hard to imagine what would. It would be no less objectionable if Congress gave the Internal Revenue Service authority to impose any tax on a particular person that it deems "appropriate," and I doubt any jurist would sustain

such a delegation.

The question whether the Occupational Health and Safety Administration's broad authority is consistent with our constitutional structure is undeniably important. At least five Justices have already expressed an interest in reconsidering this Court's approach to Congress's delegations of legislative power. See *Paul* v. *United States*, 589 U. S. \_\_\_, \_\_\_ (2019) (statement of KAVANAUGH, J., respecting denial of certiorari) (slip op., at 2); *Gundy*, 588 U. S., at 149 (ALITO, J., concurring in judgment); *id.*, at 164 (GORSUCH, J., joined by ROBERTS, C. J., and THOMAS, J., dissenting). Because this petition is an excellent vehicle to do exactly that, I would grant review.